**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

UNITED STATES OF AMERICA,

    Plaintiff/Respondent,

v.

KENNIN DEWBERRY,

    Defendant/Petitioner.

No. 11-40078-06-JAR
No. 16-4115-JAR

**MEMORANDUM AND ORDER**

This matter is before the Court on Petitioner Kennin Dewberry's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (Doc. 779). The Government has responded (Doc. 790). Dewberry filed a *pro se* reply to the Government's response, which he later withdrew (Docs. 799, 800). John P. Rogers, Dewberry's retained counsel to represent him in his § 2255 proceedings, then moved to withdraw (Doc. 803). For the reasons explained below, the Court grants counsel's motion to withdraw and Petitioner's motion to withdraw his *pro se* reply, and exercises its discretion to order the parties to expand the record as set forth below.

    **I.**    **Factual and Procedural Background**

On October 19, 2011, Dewberry and seven co-defendants were charged with conspiracy to distribute 280 grams or more of crack cocaine (Count 1) and conspiracy to distribute 5 kilograms or more of powder cocaine (Count 2). Dewberry was represented by appointed counsel Dionne M. Scherff throughout the underling criminal proceedings; Scherff was also on the brief in Dewberry's eventual direct appeal to the Tenth Circuit Court of Appeals. The Court

subsequently granted Dewberry's motion to sever his trial from the remaining co-defendants.[1] Dewberry proceeded to trial, with all but one of the other co-defendants entering into plea agreements with the Government.[2] On July 25, 2013, Dewberry was convicted by a jury on both charges.[3] The jury also returned special verdicts determining that Dewberry conspired to distribute 280 grams or more of crack cocaine and 5 kilograms or more of powder cocaine.[4] This Court sentenced Dewberry to the statutory mandatory minimum term of 240 months on Count 1 and 168 months on Count 2, to run concurrently.[5] On June 23, 2015, the Tenth Circuit Court of Appeals affirmed Dewberry's conviction and sentence.[6] This timely § 2255 motion followed.[7]

## II. Discussion

The Government's case against Dewberry was based on the testimony of Sergeant Brown and multiple cooperating witnesses who had entered into plea agreements with the Government. On January 27, 2014, this Court sentenced Dewberry to a statutory mandatory minimum sentence of 240 months.[8] At the sentencing hearing, the Court found it was reasonably foreseeable to Dewberry that co-defendant Virok Webb was producing and selling crack cocaine, relying on the testimony of the cooperating witnesses.[9]

---

[1]Doc. 309.

[2]On March 6, 2014, co-defendant Marcus Roberson was convicted by a jury of conspiracy to distribute crack and powder cocaine and murder to prevent the victim, Crystal Fisher, from telling law enforcement about the other charged crimes. Doc. 525.

[3]Doc. 388.

[4]*Id.*

[5]Doc. 476; 21 U.S.C. § 841(b)(1)(A).

[6]*United States v. Dewberry*, 790 F.3d 1022, 1036 (10th Cir. 2015).

[7]One-year statute of limitations begins to run when judgment becomes final. 28 U.S.C. § 2255(f).

[8]Doc. 476.

[9]Doc. 542 at 247–48.

On March 7, 2014, the day after co-defendant Marcus Roberson was convicted by a jury, co-defendant Virok Webb entered a binding guilty plea to one count of conspiracy to distribute crack cocaine.[10] As an appropriate sentence, the parties proposed a term of imprisonment between 20 and thirty years; the Government agreed to dismiss the second drug conspiracy charge as well as the murder charge, and limited its § 851(a)(1) information to one prior felony drug conviction, resulting in a mandatory minimum sentence of 20 years rather than life imprisonment.[11]

On December 20, 2014, nearly a year after Dewberry was sentenced by this Court, Webb sent an affidavit to counsel for Dewberry that stated,

> I, Virok Webb, of sound mind and body, Give this truthfull [sic] affidavit concerning the lack of drug activity with the defendant Mr. Dewberry. We never conspired, participated or was [sic] involved in any criminal drug activity together. Furthermore, Mr. Dewberry was never aware of any drug or criminal activity that I, Virok Webb, was involved in. The extent of our relationship was one of shared siblings. My visits to his residence consist of family visits and a place to reside when I stayed over in Kansas City, MO. He was never involved or aware of my activity other than family visits during the times I was in Kansas City, MO. I am willing to testify to this and was willing to testify at his trial. My attorney at the time prevented me from this due to my impending trial that was to take place after his. I was not coersed [sic] nor threatened into writing this truthfull [sic] affidavit. Thank you.[12]

In his § 2255 motion, Dewberry raises six discrete claims that his trial and appellate counsel were ineffective, and a seventh claim alleging that the Government violated *Brady* and *Giglio* by failing to disclose a statement of Antonio Cooper given to law enforcement in another case and by failing to disclose GPS information. Dewberry first claims that contrary to his repeated requests, trial counsel refused to interview and present Virok Webb as a witness whose testimony would have exculpated him from the crimes charged. Specifically, Dewberry

---
[10]Docs. 511, 512.
[11]Doc. 512 at 2–3.
[12]Doc. 779-1.

3

contends that "[h]ad the jury been allowed to hear Mr. Webb's testimony that [the defendant] was simply a family member who had no involvement in Webb's drug conspiracy, [the defendant] likely would not have been convicted on the weak evidence."[13] As related in Webb's affidavit, his counsel prevented him from testifying, as he was awaiting trial.

The Government points out, and this Court agrees, that whether to call a particular witness is "a tactical decision and, thus, a matter of discretion for trial counsel."[14] The only evidence before the Court is Webb's affidavit, and because Dewberry affirmatively states in his motion that he asked counsel to call Webb as a witness at trial, the Court is presented with a credibility determination. At this point, however, the Court declines to order an evidentiary hearing without first exercising its discretion to develop the record on this issue. The Tenth Circuit has noted that the district court retains the "flexibility" or discretion "to utilize alternative methods to expand the record without conducting an extensive hearing."[15] The Supreme Court has said that a § 2255 movant is not always entitled to a full hearing simply because the record "does not conclusively and expressly belie his claim."[16] District courts retain the "discretion to exercise their common sense" and dispose of these issues without a hearing when a movant's factual allegations are "vague, conclusory, or palpably incredible."[17]

Thus, the Court will give both sides sixty (60) days to expand the record. Petitioner is expected to supply a sworn statement setting forth the factual details in support of his claim that he informed counsel about Webb's willingness to testify and requested her to call him to testify at trial. Because the Court grants counsel Robert's motion to withdraw, Petitioner is notified that

---

[13] Doc. 779 at 11.

[14] *United States v. Snyder,* 787 F.2d 1429, 1432 (10th Cir. 1986).

[15] *United States v. Lee-Speight,* 529 F. App'x 903, 907 n.5 (10th Cir. 2013).

[16] *Machibroda v. United States,* 368 U.S. 495 (1962).

[17] *Id.* at 495–96.

he is responsible for submitting his sworn statement to the Court on a *pro se* basis. Should the Court determine that an evidentiary hearing is justified on this or any other issue raised, counsel shall be appointed under 18 U.S.C. § 3006A.

Likewise, the Government is expected to submit an affidavit from Dionne Scherff setting out the facts surrounding her knowledge of Virok Webb's purported willingness to testify at Dewberry's trial and/or her decision not to further investigate or call him as a witness.[18] The Court will determine the need for an evidentiary hearing on this and Petitioner's other claims after reviewing the record.

**IT IS THEREFORE ORDERED BY THE COURT** that counsel John Roger's Motion to Withdraw (Doc. 803) is GRANTED, and Petitioner's *pro se* Motion to Withdraw Reply (Doc. 800) is GRANTED;

**IT IS FURTHER ORDERED** that both sides will have sixty (60) days from the filing of the date of this Order to expand the record as discussed above.

**IT IS SO ORDERED.**

Dated: May 11, 2017

S/ Julie A. Robinson
JULIE A. ROBINSON
UNITED STATES DISTRICT JUDGE

---

[18]*See United States v. Pinson,* 584 F.3d 972, 978 (10th Cir. 2009) (holding when a habeas petitioner claims ineffective assistance of counsel, he impliedly waives attorney-client privilege with respect to communications with his attorney necessary to prove or disprove the claim).