## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

**UNITED STATES OF AMERICA,**

      **Plaintiff,**

      **v.**

**KENNIN DEWBERRY,**

      **Defendant.**

**Case No. 11-CR-40078-06-JAR**

## MEMORANDUM AND ORDER

This matter comes before the Court on pro se Defendant Kennin Dewberry's Motion for

Sentence Reduction Under 18 U.S.C. § 3582(c)(1)(A) (Doc. 859).  For the reasons provided

below, Defendant's motion is denied.

### I.      Background

On July 25, 2013, Defendant was convicted by jury of one count of conspiracy to

distribute cocaine base, in violation of 21 U.S.C. § 846 and § 841(b)(1)(A)(iii), and one count of

conspiracy to distribute cocaine hydrochloride, in violation of 21 U.S.C. § 846 and §

841(b)(1)(A)(ii).[1]  The jury also returned special verdicts finding that Defendant distributed more

than 280 grams of cocaine base and more than 5 kilograms of cocaine powder.[2]  On January 27,

2014, Defendant was sentenced to 240 months' imprisonment and a ten-year term of supervised

release.[3]

---

[1] Docs. 388, 50.

[2] Doc. 388.

[3] Doc. 476.

The Tenth Circuit affirmed his convictions and sentence.[4]  Defendant filed a

postconviction petition under 28 U.S.C. § 2255, which was denied.[5]  The Tenth Circuit denied

Defendant a certificate of appealability and dismissed his § 2255 appeal.[6]

Defendant is currently incarcerated at Forrest City Low FCI.  The Bureau of Prisons

("BOP") reports 677 inmates at that facility have tested positive for COVID-19, 1,584 inmates

have been tested, and no inmates have died.[7]  There are 51 active inmate cases, 11 active staff

case, and four tests remain pending.[8]

Defendant is 40 years old, and his projected release date is June 22, 2031.

On September 3, 2020, Defendant filed a motion requesting compassionate release due to

his underlying medical conditions of Post-Traumatic Stress Disorder ("PTSD"), asthma, and

anxiety and the risk of severe complications or death should he contract COVID-19 while in

prison.  He requests that his time be reduced to time served.  Defendant states that he can live

with his fiancé and has employment at a fitness center.

Under Standing Order 19-1, the Federal Public Defender ("FPD") was appointed to

represent indigent defendants who may qualify to seek compassionate release under section

603(b) of the First Step Act.  That Order was supplemented by Administrative Order 20-8, which

established procedures to address motions brought on grounds related to the COVID-19

pandemic.  Under that Order, the FPD shall notify the court within 15 days of any *pro se*

individual filing a compassionate release motion whether it intends to enter an appearance on

---

[4] *United States v. Dewberry*, 790 F.3d 1022 (10th Cir. 2015).

[5] Doc. 831.

[6] Doc. 849.

[7] Federal Bureau of Prisons, *COVID-19 Coronavirus: COVID-19 Cases*, https://www.bop.gov/coronavirus (last accessed November 12, 2020).

[8] *Id.*

behalf of the defendant, or whether it seeks additional time to make such determination.  The

FPD did not enter an appearance in this case.  Accordingly, Defendant's motion proceeds *pro se*.

## II.       Legal Standards

"[I]t is well-settled that '[a] district court is authorized to modify a [d]efendant's sentence

only in specified instances where Congress has expressly granted the court jurisdiction to do

so.'"[9]  Section 3582(c) permits a court to modify a term of imprisonment for compassionate

release only if certain exceptions apply.  Until recently, these exceptions required the BOP to

move on a defendant's behalf.  In 2018, however, the First Step Act modified the compassionate

release statute, permitting a defendant to bring his own motion for relief.[10]  But a defendant may

bring a motion for compassionate release from custody only if he "has fully exhausted all

administrative rights to appeal a failure of the [BOP] to bring a motion on [his] behalf or the

lapse of 30 days from the receipt of such a request by the warden of the defendant's facility,

whichever is earlier. . . ."[11]  Unless a defendant meets this exhaustion requirement, the court

lacks jurisdiction to modify the sentence or grant relief.[12]

Where a defendant has satisfied the exhaustion requirement, a court may reduce the

defendant's proposed sentence, after considering the factors set forth in 18 U.S.C. § 3553(a) to

the extent they are applicable, if the court determines: (1) "extraordinary and compelling reasons

---

[9] *United States v. White*, 765 F.3d 1240, 1244 (10th Cir. 2014) (quoting *United States v. Blackwell,* 81 F.3d 945, 947 (10th Cir. 1996)).

[10] First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194 (2018).

[11] 18 U.S.C. § 3582(c)(1)(A).

[12] *United States v. Johnson*, 766 F. App'x 648, 650 (10th Cir. 2019) (holding that without an express statutory authorization, a court lacks jurisdiction to modify a sentence); *see also United States v. Walker*, No. 13-10051-EFM, 2020 WL 2101369, at *2 (D. Kan. May 1, 2020) ("The administrative exhaustion requirement is jurisdictional and cannot be waived."); *see also United States v. Read-Forbes*, 454 F. Supp. 3d 1113, 1116–17 (D. Kan. Apr. 16, 2020) (analyzing the text, context, and historical treatment of § 3582(c)'s subsections to determine the exhaustion requirement is jurisdictional).  *Cf. United States v. Younger*, No. 16-40012-DDC, 2020 WL 3429490, at *3 (D. Kan. June 23, 2020) (reasoning that, absent direct guidance from the Tenth Circuit, the Sixth Circuit's approach articulated in *United States v. Alam*, 960 F.3d 831 (6th Cir. 2020), is "highly persuasive," and concluding that § 3582(c)(1)(A)'s exhaustion requirement is a claims-processing rule).

warrant such a reduction"; or (2) "the defendant is at least 70 years of age, has served at least 30

years in prison, pursuant to a sentence imposed under section 3559(c) . . . and a determination

has been made by the Director of the [BOP] that the defendant is not a danger to the safety of

any other person or the community."[13]  In addition, a court must ensure that any reduction in a

defendant's sentence under this statute is "consistent with applicable policy statements issued by

the Sentencing Commission."[14]

The Sentencing Commission's policy statement pertaining to sentence reductions under

18 U.S.C. § 3582(c)(1)(A) is found at U.S.S.G. § 1B1.13.  The comments to § 1B1.13

contemplate four categories of extraordinary, compelling circumstances: (1) the defendant is

suffering from a terminal illness, i.e., a serious, advanced illness with an end-of-life trajectory;

(2) the defendant is suffering from a serious physical or medical condition, serious functional or

cognitive impairment, or deteriorating physical or mental health because of the aging process

that substantially diminishes the ability of the defendant to provide self-care within the

environment of a correctional facility and from which the defendant is not expected to recover;

(3) the defendant is at least 65 years old, is experiencing a serious deterioration in physical or

mental health because of the aging process, and has served at least ten years or seventy-five

percent of the term of imprisonment, whichever is less; and (4) the defendant needs to serve as a

caregiver for a minor child, spouse, or registered partner.[15]  A defendant requesting

---

[13] 18 U.S.C. § 3582(c)(1)(A).

[14] *Id.*; *see also Dillon v. United States*, 560 U.S. 817, 819 (2010) (holding the Sentencing Commission policy statement regarding 18 U.S.C. § 3582(c)(2) remains mandatory in the wake of *United States v. Booker*, 543 U.S. 220 (2005)).

[15] U.S. Sentencing Guidelines Manual § 1B1.13 cmt. n.1 (U.S. Sentencing Comm'n 2018).

compassionate release bears the burden of establishing that compassionate release is warranted under the statute.[16]

## III.   Discussion

### A.      Exhaustion

Defendant has satisfied the exhaustion requirement described in § 3582(c).  Defendant sent a letter, through counsel, to the Warden on July 13, 2020, requesting compassionate release.[17]  As of September 3, 2020, the date Defendant filed his motion in this Court, more than 30 days had passed.  In addition, the government does not dispute that Defendant has satisfied the applicable exhaustion requirement.  Thus, because more than thirty days have passed since Defendant filed his request with the Warden, this Court has jurisdiction to decide Defendant's motion.

### B.      Extraordinary and Compelling Reasons

Having determined that Defendant has properly exhausted administrative remedies, the Court must next determine whether extraordinary and compelling reasons warrant reducing Defendant's sentence to time served.  Congress permitted the Sentencing Commission to "describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples."[18]  The Sentencing

---

[16] *See United States v. Jones*, 836 F.3d 896, 899 (8th Cir. 2016) (finding that defendant bears the burden of demonstrating entitlement to relief under § 3582(c)(2)); *United States v. Bright*, No. 14-10098-JTM, 2020 WL 473323, at \*1 (D. Kan. Jan. 29, 2020) (noting that the "extraordinary and compelling" standard imposes a heavy burden on an inmate seeking compassionate release under § 3582(c)(1)(A)).

[17] Doc. 859 at 7-10.  The FPD sent Defendant's request to the Warden but declined to represent Defendant when he filed his motion in this Court.

[18] 28 U.S.C. § 994(t).

Commission, in its commentary to U.S.S.G. § 1B1.13, has enumerated four categories of circumstances which may constitute extraordinary relief.[19]

Here, Defendant asserts that his circumstances constitute extraordinary, compelling reasons to reduce his sentence.  He contends that his underlying health conditions of PTSD, asthma, and anxiety, coupled with the outbreak of COVID-19 in prison, make him more susceptible to serious illness or death should he contract COVID-19.  The government concedes that per Department of Justice ("DOJ") policy and Centers for Disease Control and Prevention ("CDC") guidance, Defendant's medical condition of asthma in the context of the COVID-19 pandemic constitutes an extraordinary and compelling reason.[20]  The government contends, however, that when balanced with the § 3553(a) factors, Defendant fails to demonstrate a situation so severe that release is warranted.  Accordingly, the Court will move on to consider the § 3553(a) factors.

### C.      Section 3553(a) Factors

The Court next considers whether Defendant's reduction would comply with the sentencing factors enumerated in 18 U.S.C. § 3553(a).  That statutes requires courts to "impose a sentence sufficient, but not greater than necessary" in consideration of the following factors:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
> (2) the need for the sentence imposed--
>> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>> (B) to afford adequate deterrence to criminal conduct;
>> (C) to protect the public from further crimes of the defendant; and

---

[19] U.S. Sentencing Guidelines Manual § 1B1.13 cmt. n.1 (U.S. Sentencing Comm'n 2018).

[20] The Court notes that the CDC does not affirmatively list asthma as a condition at increased risk of severe illness from COVID-19 but rather as a condition that *might* be at increased risk for severe illness.  CDC, *People with Certain Medical Conditions*, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited November 12, 2020).

                  (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

(3) the kinds of sentences available;

(4) the kinds of sentence and the sentencing range established for . . . the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines . . .;

(5) any pertinent policy statement . . . issued by the Sentencing Commission . . .;

(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

(7) the need to provide restitution to any victims of the offense.[21]

While the Court takes all seven § 3553 factors into account, those most pertinent to Defendant's case are the nature and circumstances of the offense and the history and characteristics of the offense, the need for the sentence imposed to reflect the seriousness of the offense, the need to provide adequate deterrence, and the need to protect the public from further crimes.  In consideration of these factors, the Court concludes that releasing Defendant now would not leave him with a sentence that is "sufficient, but not greater than necessary."

Defendant is currently serving a 240-month sentence with a ten-year supervised release term.  He was arrested after an extensive investigation, spanning multiple years, into a drug distribution ring in Kansas.  Defendant was convicted by jury of the serious offenses of conspiracy to distribute crack cocaine and cocaine powder.  The jury returned special verdicts finding that Defendant distributed more than 280 grams of crack cocaine and more than 5 kilograms of cocaine powder.  Thus, Defendant supplied significant amounts of drugs.

Defendant also has a conviction from 2008 for conspiracy to distribute and possession with the intent to distribute marijuana in the Eastern District of Missouri. While he was on probation for that offense, he committed the instant offenses.  Thus, his

---

[21] 18 U.S.C. § 3553(a).

sentence in this case reflects that criminal history.  At this point, he has more than ten years remaining on his sentence.

Reducing Defendant's sentence to time served would not reflect the seriousness of Defendant's criminal conduct or his criminal history.  Nor would it provide adequate deterrence or appropriate punishment.  Defendant was involved in an extensive drug distribution ring while he was already on probation for conspiracy to distribute.  The Court also notes that although Defendant has an underlying medical condition that might raise his risk of serious complications from COVID-19 should he contract it, the facility in which he is housed has a relatively smaller amount of current positive COVID-19 cases.  The Court finds that the 240-month sentence originally imposed remains sufficient, but not greater than necessary, to meet the sentencing factors in § 3553(a) and punish the offense involved.  Accordingly, the Court finds that Defendant does not demonstrate an extraordinary and compelling reason warranting sentence reduction and an early release from prison.

**IT IS THEREFORE ORDERED BY THE COURT** that Defendant's Motion for Sentence Reduction Under 18 U.S.C. § 3582(c)(1)(A) (Doc. 859) is **DENIED**.

**IT IS SO ORDERED.**

Dated: November 13, 2020

S/ Julie A. Robinson
JULIE A. ROBINSON
CHIEF UNITED STATES DISTRICT JUDGE