IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

    Plaintiff,

    v.

KENNIN DEWBERRY,

    Defendant.

Case No. 11-40078-JAR

## MEMORANDUM AND ORDER

This matter comes before the Court on Defendant Kennin Dewberry's *pro se* Motion for Compassionate Release (Doc. 871) under 18 U.S.C. § 3582(c)(1)(A).[1] Dewberry also requests appointment of counsel to assist with his motion. The government has filed a response brief. Dewberry did not reply. As explained more fully below, the Court dismisses Dewberry's motion for failure to exhaust his administrative remedies and denies his request for appointment of counsel.

**I.  Background**

On October 19, 2011, Dewberry was charged with conspiracy to distribute 280 grams or more of crack cocaine (Count 1) and conspiracy to distribute 5 kilograms or more of powder cocaine (Count 2). On July 25, 2013, Dewberry was convicted by a jury on both charges. The jury also returned special verdicts determining that Dewberry conspired to distribute 280 grams or more of crack cocaine and 5 kilograms or more of powder cocaine. Before trial, on February 7, 2012, the government filed an Information pursuant to 21 U.S.C. § 851 seeking to enhance

---

[1] Because Dewberry appears *pro se*, the Court construes his pleadings liberally and holds them "to a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). But the Court will not act as his advocate. *Id.*

Dewberry's mandatory minimum sentence from 10 years to 20 years based on a prior felony drug conviction. On January 27, 2014, this Court sentenced Dewberry to the mandatory minimum of 20 years in prison on Count 1 and 168 months on Count 2, with both sentences to run concurrently. The Court also imposed a 10-year term of supervised release. On appeal, the Tenth Circuit affirmed his conviction and sentence. Dewberry then filed a motion to vacate the conviction under 28 U.S.C. § 2255, which this Court denied. Dewberry again appealed, and the Tenth Circuit declined to issue a certificate of appealability and dismissed his appeal. On September 3, 2020, Dewberry, proceeding *pro se*, filed a motion seeking compassionate release under 18 U.S.C. § 3582(c)(1)(A) on the ground that his medical conditions—post-traumatic stress disorder ("PTSD"), asthma, and anxiety—placed him at an increased risk for severe illness or death should he contract COVID-19 while in prison. This Court denied the motion on November 13, 2020.

Dewberry has now filed a second *pro se* motion for compassionate release. He again points to his medical conditions and the COVID-19 pandemic as grounds for relief, though he has refused the COVID-19 vaccine. He also argues that the Court should reduce his sentence to time served because he is serving a "term of incarceration longer than Congress now deems warranted for his crimes."[2] Dewberry requests that the Court appoint counsel to assist with his motion. Dewberry is 41 years old, and his projected release date is June 22, 2031.

## II.    Legal Standard

"Federal courts are forbidden, as a general matter, to modify a term of imprisonment once it has been imposed, but th[at] rule of finality is subject to a few narrow exceptions."[3] "One such

---

[2] Doc. 871 at 1.

[3] *United States v. Maumau*, 993 F.3d 821, 830 (10th Cir. 2021) (quoting *Freeman v. United States*, 564 U.S. 522, 526 (2011)).

2

exception is contained in [18 U.S.C.] § 3582(c)(1)."[4]  Section 3582(c)(1)(A), as amended by the First Step Act of 2018,[5] permits a court to reduce a term of imprisonment "upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier."  Before reducing a term of imprisonment, a court must find that (1) "extraordinary and compelling reasons" warrant a sentence reduction, (2) such a reduction is consistent with "applicable policy statements issued by the Sentencing Commission," and (3) the applicable sentencing factors set forth in 18 U.S.C. § 3553(a) support such a reduction.[6]  The court may deny a § 3582(c)(1)(A) motion "when any of the three prerequisites listed in § 3582(c)(1)(A) is lacking and do[es] not need to address the others."[7]

### III.   Discussion

#### A.   Exhaustion

Section 3582(c)(1)(A)'s exhaustion requirement is a mandatory claim-processing rule that the government may waive or forfeit.[8]  But when "properly invoked," mandatory claim-processing rules "must be enforced."[9]  Here, the government argues that this Court must dismiss

---

[4] *Id.*

[5] Pub. L. No. 115-391, 132 Stat. 5194.

[6] 18 U.S.C. § 3582(c)(1)(A); *see United States v. McGee*, 992 F.3d 1035, 1042 (10th Cir. 2021).

[7] *United States v. Hald*, 8 F.4th 932, 942 (10th Cir. 2021) (emphasis omitted) (quoting *McGee*, 992 F.3d at 1043).

[8] *United States v. Hemmelgarn*, 15 F.4th 1027, 1031 (10th Cir. 2021).

[9] *Hamer v. Neighborhood Hous. Servs. of Chi.*, 138 S. Ct. 13, 17 (2017); *see also United States v. Gieswein*, No. 21-6056, 2021 WL 4852420, at *2 n.2 (10th Cir. Oct. 19, 2021) ("[Section 3582(c)(1)(A)'s] exhaustion requirement, though nonjurisdictional, remains a mandatory claim-processing rule that the court must enforce when the government invokes it, as it does here."); *United States v. Purify*, No. 20-5075, 2021 WL 5758294, at *3–4 (10th Cir. Dec. 3, 2021) ("enforc[ing] § 3582(c)(1)(A)'s exhaustion requirement" because the government properly invoked it).

Dewberry's motion without reaching the merits because he fails to show that he has satisfied the statute's exhaustion requirement. Indeed, despite asserting broadly that he "meets all requirements for [a] sentence reduction," Dewberry provides no evidence that he exhausted his administrative remedies.[10] Because the exhaustion requirement is a mandatory condition that has been properly invoked by the government, the Court must dismiss Dewberry's § 3582(c)(1)(A) motion without prejudice to filing a new one if and when he exhausts his administrative remedies.[11]

### B.   Request for Appointed Counsel

Dewberry has also requested appointment of counsel to assist with his motion. While there is no constitutional or statutory right to counsel in the prosecution of a post-conviction motion,[12] courts have broad discretion to appoint counsel for indigents.[13] In determining whether to appoint counsel, the Court considers several factors, including "the merits of the litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to present his claims, and the complexity of the legal issues raised by the claims."[14] Here, after considering Dewberry's ability to present his arguments for relief, the merits of those arguments, as well as the fact that his motion is not legally or factually complex, the Court concludes that appointment of counsel is not warranted.

---

[10] Doc. 871 at 2.

[11] *See United States v. Alam*, 960 F.3d 831, 836 (6th Cir. 2020) (concluding that unexhausted § 3582(c)(1)(A) motions should be dismissed without prejudice); *Purify*, 2021 WL 5758294, at *4 ("Like dismissals for lack of jurisdiction, dismissals for failure to exhaust are ordinarily without prejudice.").

[12] *See Coronado v. Ward*, 517 F.3d 1212, 1218 (10th Cir. 2008) ("There is no constitutional right to counsel beyond the direct appeal of a criminal conviction . . . ."); *see also United States v. Campos*, 630 F. App'x 813, 816 (10th Cir. 2015) ("No right to counsel extends to a § 3582(c)(2) motion.").

[13] *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991).

[14] *Id.*

Moreover, the Court has already given the Federal Public Defender ("FPD") the opportunity to enter an appearance on Dewberry's behalf. Under Standing Order 19-1, the FPD was appointed to represent indigent defendants who may qualify to seek compassionate release under section 603(b) of the First Step Act. That Order was supplemented by Administrative Order 20-8, which established procedures to address motions brought on grounds related to the COVID-19 pandemic. Under Administrative Order 20-8, the FPD shall notify the court within fifteen days of any *pro se* individual filing a compassionate release motion whether it intends to enter an appearance on behalf of the defendant, or whether it seeks additional time to make such a determination. Here, the FPD has not entered an appearance on Dewberry's behalf, and the time to do so has passed. Dewberry's request for appointed counsel is denied.

**IT IS THEREFORE ORDERED BY THE COURT** that Defendant Kennin Dewberry's Motion for Compassionate Release (Doc. 871) is **dismissed without prejudice**.

**IT IS FURTHER ORDERED** that his request for appointed counsel is **denied**.

**IT IS SO ORDERED.**

Dated: January 6, 2022

S/ Julie A. Robinson
JULIE A. ROBINSON
UNITED STATES DISTRICT JUDGE