IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

    Plaintiff,

    v.

KENNIN DEWBERRY,

    Defendant.

Case No. 11-40078-06-JAR

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant Kennin Dewberry's *pro se* Renewed Emergency Motion for Compassionate Release (Doc. 876) under 18 U.S.C. § 3582(c)(1)(A).[1] For the following reasons, the Court dismisses his motion without prejudice for failure to show exhaustion.

This is Dewberry's third compassionate release motion. The Court denied his first one on the merits in November 2020.[2] Less than a year later, Dewberry filed a second compassionate release motion.[3] The Court dismissed that motion because Dewberry failed to show that he satisfied § 3582(c)(1)(A)'s exhaustion requirement[4]—a mandatory claim-processing rule that the Court had to enforce because the government properly invoked it.[5] The Court made clear that

---

[1] The Court construes Dewberry's *pro se* motion liberally, but it does not act as his advocate. *Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008).

[2] Doc. 862.

[3] Doc. 871.

[4] Doc. 874.

[5] *See United States v. Hemmelgarn*, 15 F.4th 1027, 1030–31 (10th Cir. 2021).

the dismissal of his motion was "without prejudice to filing a new one if and when he exhausts his administrative remedies."[6]

Just over a month after the Court dismissed his second compassionate release motion, Dewberry filed a third.[7] In this motion, the motion now before the Court, Dewberry claims that he "has exhausted his administrative remedies."[8] But just like his second motion, the government observes, his third motion provides no evidence of exhaustion. The government contends that the Court must dismiss his motion for this reason. Dewberry did not file a reply brief.

Instead of dismissing the motion outright, however, the Court issued a Show Cause Order to Dewberry to give him an opportunity to supplement his motion with evidence of exhaustion.[9] Specifically, on March 18, 2022, the Court directed Dewberry to show cause in writing to this Court "why his renewed motion should not be dismissed without prejudice for failure to satisfy § 3582(c)(1)(A)'s exhaustion requirement," and to "submit a copy of the compassionate release request he submitted to the warden of his facility, or other documentation showing exhaustion."[10] The Court gave him until April 8, 2022, to do so.[11] That deadline has now passed, and Dewberry has not filed a response or any documentation showing exhaustion.

Section 3582(c)(1)(A) allows a defendant to move for a sentence reduction only "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of

---

[6] Doc. 874 at 4.

[7] Doc. 876.

[8] *Id.* at 3.

[9] Doc. 878

[10] *Id.* at 2.

[11] *Id.*

such a request by the warden of the defendant's facility, whichever is earlier."  As this Court has explained to Dewberry, the Tenth Circuit instructs that § 3582(c)(1)(A)'s exhaustion requirement is a mandatory claim-processing rule.[12]  And "[i]f properly invoked, mandatory claim-processing rules must be enforced."[13]  Here, the government argues that "[u]nless and until [Dewberry] submits sufficient evidence" of exhaustion, the Court must dismiss his motion.[14]

Despite being given the opportunity to do so, Dewberry has failed to provide proof that he exhausted his administrative remedies before filing this motion.  Because § 3582(c)(1)(A)'s exhaustion requirement is a mandatory claim-processing rule, and the government has properly invoked it, the Court must again dismiss his compassionate release motion.  The dismissal is without prejudice to filing a properly supported § 3582(c)(1)(A) motion showing proof of exhaustion.

**IT IS THEREFORE ORDERED BY THE COURT** that Defendant Kennin Dewberry's Renewed Emergency Motion for Compassionate Release (Doc. 876) is **dismissed without prejudice**.

**IT IS SO ORDERED.**

Dated: April 18, 2022

S/ Julie A. Robinson
JULIE A. ROBINSON
UNITED STATES DISTRICT JUDGE

---

[12] *See United States v. Hemmelgarn*, 15 F.4th 1027, 1030–31 (10th Cir. 2021).

[13] *Hamer v. Neighborhood Hous. Servs. of Chi.*, 138 S. Ct. 13, 17 (2017).

[14] Doc. 877 at 5.