IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | Case No. 11-CR-40078-06-JAR |
| KENNIN DEWBERRY, | |
| Defendant. | |

**MEMORANDUM AND ORDER**

This matter comes before the Court on *pro se* Defendant Kennin Dewberry's Renewed Emergency Motion for Compassionate Release Pursuant to the First Step Act (Doc. 881). The motion is fully briefed and the Court is prepared to rule. For the reasons provided below, Dewberry's fourth motion for compassionate relief is denied.

**I.     Background**

On July 25, 2013, Dewberry was convicted by jury of one count of conspiracy to distribute cocaine base, in violation of 21 U.S.C. § 846 and § 841(b)(1)(A)(iii), and one count of conspiracy to distribute cocaine hydrochloride, in violation of 21 U.S.C. § 846 and § 841(b)(1)(A)(ii).[1] The jury also returned special verdicts finding that Dewberry distributed more than 280 grams of cocaine base and more than 5 kilograms of cocaine powder.[2] On January 27, 2014, this Court sentenced Dewberry to the statutory mandatory-minimum term of 240 months' imprisonment on Count 1 based on the quantity of drugs distributed and his prior felony conviction, followed by a ten-year term of supervised release.[3]

---

[1] Docs. 388, 50.

[2] Doc. 388.

[3] Doc. 476; *see* 21 U.S.C. § 841(b)(1)(A).

The Tenth Circuit affirmed Dewberry's convictions and sentence.[4] Dewberry filed a postconviction petition under 28 U.S.C. § 2255, which was denied.[5] The Tenth Circuit denied Dewberry a certificate of appealability and dismissed his § 2255 appeal.[6]

*First Motion for Compassionate Relief*

On September 3, 2020, Dewberry filed his first motion requesting compassionate release due to his underlying medical conditions of Post-Traumatic Stress Disorder ("PTSD"), anxiety, and asthma, which elevates the risk of severe complications or death should he contract COVID-19 while in prison. He requested that his sentence be reduced to time served and proposed that he live with his fiancé and obtain employment at a fitness center.

On November 13, 2020, this Court issued a memorandum and order denying Dewberry compassionate release.[7] After the government conceded that Dewberry's medical condition of asthma in the 2020 context of the COVID-19, pre-vaccine pandemic constituted extraordinary and compelling circumstances, the Court proceeded to balance whether Dewberry's sentence reduction would comply with the factors enumerated in 18 U.S.C. § 3553(a).[8] The Court found that a reduction in Defendant's sentence would not reflect the seriousness of his criminal conduct or criminal history, nor would it provide adequate deterrence or appropriate punishment.[9] The

---

[4] *United States v. Dewberry*, 790 F.3d 1022 (10th Cir. 2015).

[5] Doc. 831.

[6] Doc. 849.

[7] Doc. 862.

[8] *Id.* at 6.

[9] *Id.* at 7–8.

Court noted that Dewberry "was involved in an extensive drug distribution ring while he was already on probation for conspiracy to distribute."[10]

### Second Motion for Compassionate Release

On August 16, 2021, Dewberry filed his second motion seeking the appointment of counsel and immediate release from custody on grounds that he has chronic asthma and PTSD that are impacted by the threat of COVID-19.[11]  On January 6, 2022, this Court issued a memorandum and order dismissing Dewberry's second motion without prejudice on grounds that he failed to exhaust his administrative remedies.[12]

### Third Motion for Compassionate Release

On February 11, 2022, Dewberry filed his third motion for compassionate release.[13]  This Court issued an Order to Show Cause directing Dewberry to show cause in writing why this renewed motion should not be dismissed without prejudice based on his failure to provide evidence of exhaustion.[14]  After receiving no response, the Court dismissed Dewberry's third motion without prejudice.[15]

### Fourth Motion for Compassionate Release

Dewberry filed his fourth motion presently before the Court on May 13, 2022.[16]  He once again maintains that the COVID-19 pandemic has caused his imprisonment to be "far more grueling than Congress had reason to anticipate," and that his medical conditions—asthma and

---

[10] *Id.* at 8.
[11] Doc. 871.
[12] Doc. 874.
[13] Doc. 876.
[14] Doc. 878.
[15] Doc. 879.
[16] Doc. 881.

3

PTSD—put him at risk for severe illness should he contract COVID-19 and warrant his immediate release from prison.  In his reply to the government's response in opposition to his motion, he asserts his desire to care for his daughters, his remorse and efforts at rehabilitation, and to stress his status as a non-violent offender.[17]

Under Standing Order 19-1, the Federal Public Defender ("FPD") was appointed to represent indigent defendants who may qualify to seek compassionate release under section 603(b) of the First Step Act.  That Order was supplemented by Administrative Order 20-8, which established procedures to address motions brought on grounds related to the COVID-19 pandemic.  Under that Order, the FPD shall notify the court within 15 days of any *pro se* individual filing a compassionate release motion whether it intends to enter an appearance on behalf of the defendant, or whether it seeks additional time to make such determination.  The FPD has not entered an appearance in this case.  Accordingly, Dewberry proceeds *pro se* on this motion and also proceeded *pro se* on his three previous motions.

Dewberry is currently incarcerated at Memphis FCI.  The Bureau of Prisons ("BOP") reports 252 inmates at that facility have tested positive for COVID-19 and recovered, 1,115 inmates have been tested, and 2 inmates have died.[18]  There are no active inmate or staff cases, and no tests remain pending.[19]  Dewberry is 42 years old, and his projected release date is June 22, 2031.

---

[17] Doc. 883.

[18] *COVID-19 Coronavirus: COVID-19 Cases*, Fed. Bureau of Prisons, https://www.bop.gov/coronavirus (last visited July 6, 2022).

[19] *Id.*

4

**II.     Legal Standard**

"Federal courts are forbidden, as a general matter, to modify a term of imprisonment once it has been imposed, but th[at] rule of finality is subject to a few narrow exceptions."[20]  "One such exception is contained in [18 U.S.C.] § 3582(c)(1)."[21]  Section 3582(c)(1)(A), as amended by the First Step Act of 2018,[22] permits a court to reduce a term of imprisonment "upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier."  Before reducing a term of imprisonment, a court must find that (1) "extraordinary and compelling reasons" warrant a sentence reduction, (2) such a reduction is consistent with "applicable policy statements issued by the Sentencing Commission," and (3) the applicable sentencing factors set forth in 18 U.S.C. § 3553(a) support such a reduction.[23]  The court may deny a § 3582(c)(1)(A) motion "when any of the three prerequisites listed in § 3582(c)(1)(A) is lacking and do[es] not need to address the others."[24]

---

[20] *United States v. Maumau*, 993 F.3d 821, 830 (10th Cir. 2021) (quoting *Freeman v. United States*, 564 U.S. 522, 526 (2011)).

[21] *Id.*

[22] Pub. L. No. 115-391, 132 Stat. 5194.

[23] 18 U.S.C. § 3582(c)(1)(A); *see United States v. McGee*, 992 F.3d 1035, 1042 (10th Cir. 2021).

[24] *United States v. Hald*, 8 F.4th 932, 942 (10th Cir. 2021) (emphasis omitted) (quoting *McGee*, 992 F.3d at 1043).

**III.    Discussion**

    **A.        Exhaustion**

Section 3582(c)(1)(A)'s exhaustion requirement is a claim-processing rule that the government may waive or forfeit.[25] Here, the government concedes that Dewberry has met the exhaustion requirement. The Court thus proceeds to the merits.

    **B.        Extraordinary and Compelling Reasons**

Section 3582(c)(1)(A) requires a district court to find that "extraordinary and compelling reasons warrant a sentence reduction" before it may grant a § 3582(c)(1)(A) motion. The court has "the authority to determine for [itself] what constitutes 'extraordinary and compelling reasons.'"[26] While that authority "is bounded by the requirement . . . that a reduction in sentence be consistent with applicable policy statements issued by the Sentencing Commission," the Sentencing Commission has not yet issued a policy statement "applicable" to § 3582(c)(1)(A) motions filed by a defendant.[27] Thus, § 3582(c)(1)(A)'s consistency requirement does not currently constrain the court's discretion to consider whether extraordinary and compelling reasons warrant a sentence reduction.[28]

Here, Dewberry asserts that his circumstances constitute extraordinary and compelling reasons to reduce his sentence. First, he contends that the increase in COVID-19 cases has caused his period of incarceration to be "far more grueling than Congress had reason to anticipate."[29] This claim is belied by present-day facts, because to date, Memphis FCI reports no

---

[25] *United States v. Hemmelgarn*, 15 F.4th 1027, 1031 (10th Cir. 2021).

[26] *Maumau*, 993 F. 3d at 832.

[27] *Id.* at 832, 836–37.

[28] *Id.* at 837.

[29] Doc. 881 at 3–5.

6

active inmate or staff member cases of COVID-19.[30]  Accordingly, the Court rejects this argument in support of Dewberry's claim of extraordinary and compelling reasons.[31]

Second, while Dewberry's asthma places him at an increased risk for severe illness from COVID-19,[32] his most recent medical records dated March 15, 2022, show that his asthma is being properly treated, he is taking albuterol as needed, and has no exercise limitations.[33]  His PTSD is also being addressed with medication and his medical records show that although he had prior panic attacks, the medications help keep him calm and help him sleep.[34]

Moreover, Dewberry has now been fully vaccinated against COVID-19.  His immunization records indicate that he received the first dose of the Pfizer-BioNTech COVID-19 vaccine on October 22, 2021, and he received the second dose on November 15, 2021.[35]  The CDC has explained that mRNA COVID-19 vaccines "reduce the risk of COVID-19, including the risk of severe illness and death among people who are fully vaccinated."[36]  The information available to the Court thus shows that Dewberry is inoculated with a vaccine that is safe and highly effective at preventing severe cases of COVID-19, even among people with underlying

---

[30] *COVID-19 Coronavirus: COVID-19 Cases*, Fed. Bureau of Prisons, https://www.bop.gov/coronavirus (last visited July 6, 2022).

[31] *See United States v. Colon*, No. E:97-cr-48 (SRU), 2020 WL 6049215, at *7 (D. Conn. Oct. 12, 2020) (explaining "in determining whether 'extraordinary and compelling reasons' warrant a prisoner's early release, courts routinely consider the status of coronavirus infections at the particular institution where the defendant is housed.").

[32] The CDC includes moderate-to-severe or uncontrolled asthma as a chronic lung disease that can make a person more likely to get very sick from COVID-19.  CDC, *People with Certain Medical Conditions*, https://www.cdc.gov/coronavirus/2019-ncov/need-extra precautions/people-with-medical-conditions.html (last visited June 30, 2022).

[33] Doc. 882 at 12.

[34] *Id.* at 12–13.

[35] *Id.* at 11.

[36] *COVID-19 Vaccines Work*, CDC, https://www.cdc.gov/coronavirus/2019-ncov/vaccines/effectiveness/work.html (last updated June 28, 2022); *see also Pfizer-BioNTech COVID-19 Vaccine Overview and Safety*, CDC, https://www.cdc.gov/coronavirus/2019-ncov/vaccines/different-vaccines/Pfizer-BioNTech.html (last updated June 22, 2022).

medical conditions such as asthma. And, at only 42 years old, Dewberry is in an age group with a relatively lower risk of severe illness and death from COVID-19 than that faced by older adults.[37] The Tenth Circuit recently held in an unpublished opinion that "a defendant's incarceration during the COVID-19 pandemic—when the defendant has access to the COVID-19 vaccine—does not present an 'extraordinary and compelling reason' warranting a sentence reduction."[38] And several district courts in the Tenth Circuit, including the District of Kansas, have followed this direction from the Circuit.[39]

Finally, it is clear to the Court that Dewberry loves and misses his daughters very much. To be sure, an extraordinary and compelling reason for release may exist when a defendant is the only available caregiver to family members who cannot care for themselves.[40] But Dewberry does not indicate that either of his daughters needs a caregiver.[41] Moreover, as to Dewberry's purported rehabilitation, it is well settled that rehabilitation alone is not an extraordinary and

---

[37] *See Risk for COVID-19 Infection, Hospitalization, and Death By Age Group*, CDC, https://www.cdc.gov/coronavirus/2019-ncov/covid-data/investigations-discovery/hospitalization-death-by-age.html (last updated June 27, 2022); *see also, e.g.*, *United States v. Mena*, No. 16-850-ER, 2021 WL 2562442, at *2-*3 (S.D.N.Y. June 23, 2021) (finding no extraordinary and compelling reasons for release under § 3582(c)(1)(A) based on the defendant being a former smoker because she was only 28 years old, there were only three confirmed positive cases among inmates at her facility, and she was fully vaccinated against COVID-19).

[38] *United States v. McRae*, No. 21-4092, 2022 WL 803978, at *2 (10th Cir. Mar. 17, 2022) (quoting *United States v. Lemons*, 15 F.4th 747, 751 (6th Cir. 2021)); *see also United States v. Broadfield*, 5 F.4th 801, 803 (7th Cir. 2021) ("[F]or the many prisoners who seek release based on the special risks created by COVID-19 for people living in close quarters, vaccines offer relief far more effective than a judicial order.").

[39] *See United States v. Patton*, No. 16-40113-01-DDC, 2022 WL 2134197, at *5 (D. Kan. June 14, 2022) (collecting cases).

[40] *See United States v. Kataev*, No. 16 CR. 763-05, 2020 WL 1862685, at *3 (S.D.N.Y. Apr. 14, 2020) (citing *United States v. Lisi*, 440 F. Supp. 3d 246, 252 (S.D.N.Y. 2020), *reconsideration denied*, No. 15 CR. 457 (KPF), 2020 WL 1331955 (S.D.N.Y. Mar. 23, 2020)).

[41] *Compare United States v. Kesoyan*, No. 2:15-236, 2020 WL 2039028, at *6 (E.D. Cal. Apr. 28, 2020) (granting a motion for compassionate release where the defendant's adult son was disabled and other family member caretakers had become incapacitated through sickness and substance abuse), *with United States v. Brown*, 457 F. Supp. 3d 691, 704 (S.D. Iowa 2020) (finding that the defendant's family circumstances did not qualify as extraordinary and compelling under § 3582(c)(1)(A) because, "although his daughter lacks a free parent—Defendant's wife died shortly before his incarceration—she is an adult and Defendant is not her caregiver").

compelling reason for compassionate release.[42] Although the Court commends Dewberry on his efforts, this argument is also without merit.

In light of the low number of COVID-19 cases at Memphis FCI, the high number of fully vaccinated inmates at the facility, Dewberry's vaccination status and young age, and direction from the Tenth Circuit, the Court finds that Dewberry has not shown that his underlying medical condition of asthma, in combination with his PTSD, the possibility of a COVID-19 infection, and the conditions at Memphis FCI, provide "extraordinary and compelling reasons" for a sentence reduction under § 3582(c)(1)(A).[43] Accordingly, the Court denies Dewberry's fourth motion on grounds that he once again fails to establish extraordinary and compelling reasons for compassionate release.

C. Section 3553(a) Factors

Even if Dewberry could show that extraordinary and compelling reasons exist, and as this Court previously concluded, the applicable § 3553(a) factors counsel against his release at this time.[44] Those factors include: (1) "the nature and circumstances of the offense and the history and characteristics of the defendant"; (2) "the need for the sentence imposed . . . to reflect the

---

[42] *United States v. Mata-Soto*, 861 F. App'x 251, 255 (10th Cir. 2021); *see also* 28 U.S.C. § 994(t) ("Rehabilitation . . . alone shall not be considered an extraordinary and compelling reason.").

[43] The Court acknowledges that the United States Supreme Court, in a case involving another provision of the First Step Act, recently upheld the approach taken by the Tenth Circuit that district courts may consider "intervening changes of law" when deciding whether to grant a request for compassionate release under § 3582(c)(1). *Concepcion v. United States*, No. 20-1650, – S. Ct.–, 2022 WL 2295029, at *4 (U.S. June 27, 2022); *see United States v. McGee*, 992 F.3d 1035, 1047 (10th Cir. 2021) (holding that in assessing "extraordinary and compelling reasons," a district court could consider a subsequent change in the law, even though the change has not been made retroactive); *United States v. Maumau*, 993 F.3d 821, 828, 837 (10th Cir. 2021) (affirming grant of compassionate release based on the fact that defendant's sentence would have been shorter if non-retroactive portions of the First Step Act applied to him). Here, Dewberry does not base his motion on the length of his sentence.

[44] *See Maumau*, 993 F.3d at 831 ("[Section] 3582(c)[(1)(A)] instructs a court to consider any applicable § 3553(a) factors and determine whether, in its discretion, [a sentence] reduction . . . is warranted in whole or in part under the particular circumstances of the case." (second and third alterations in original) (quoting *United States v. Jones*, 980 F.3d 1098, 1107 (6th Cir. 2020))).

seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense"; (3) "the need for the sentence imposed . . . to afford adequate deterrence to criminal conduct"; (4) "the need for the sentence imposed . . . to protect the public from further crimes of the defendant"; and (5) "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct."[45]  The Court considers the § 3553(a) factors in light of post-sentencing developments.[46]

While the Court takes all seven § 3553(a) factors into account, those most pertinent to Dewberry's case are the nature and circumstances of the offense and the history and characteristics of the defendant, the need for the sentence imposed to reflect the seriousness of the offense, the need to provide adequate deterrence, and the need to protect the public from further crimes.  In consideration of these factors, the Court once again concludes that releasing Dewberry now would not leave him with a sentence that is "sufficient, but not greater than necessary."[47]

Based on his projected release date of June 22, 2031, Dewberry has about ten years left to serve of his 240-month term of imprisonment.  These 120 months represent approximately half of his original sentence.  While the Court recognizes the hardship that the COVID-19 pandemic has imposed on inmates, particularly those with underlying

---

[45] 18 U.S.C. § 3553(a).

[46] *See United States v. Kibble*, 992 F.3d 326, 335 (4th Cir. 2021) (per curiam) (Gregory, C.J., concurring) ("[A] district court may [not] fulfill its duty to reconsider the § 3553(a) factors by merely recounting the considerations that supported the original sentence.  Section 3582(c)(1) necessarily envisions that the § 3553(a) factors may balance differently upon a motion for compassionate release than they did at the initial sentencing."); *cf. Pepper v. United States*, 562 U.S. 476, 491 (2011) (stating that evidence of post-sentencing conduct "may be highly relevant" under § 3553(a)); *Concepcion*, 2022 WL 2295029, at *4 ("[A] district court adjudicating a motion under the First Step Act may consider other intervening changes of law (such as changes to the Sentencing Guidelines) or changes of fact (such as behavior in prison) in adjudicating a First Step Act motion.").

[47] For the reasons set forth in this Court's original order denying Dewberry compassionate release after considering the necessary § 3553(a) factors, incorporated by reference herein, the same result must apply here.  *See* Doc. 862 at 7–8.

medical conditions, releasing Dewberry at this relatively early stage would not reflect the seriousness of his offense, promote respect for the law, provide just punishment, afford adequate deterrence, or protect the public. Indeed, Dewberry's crimes were serious: he was convicted by jury of conspiracy to distribute crack cocaine and cocaine powder. The jury returned special verdicts finding that Dewberry distributed more than 280 grams of crack cocaine and more than 5 kilograms of cocaine powder. Thus, he was a significant source of supply of powder cocaine to a well-structured drug-trafficking organization. Dewberry also has a conviction from 2008 for conspiracy to distribute and possession with the intent to distribute marijuana in the Eastern District of Missouri. While he was on probation for that offense, he committed the instant offenses, resulting in a mandatory-minimum sentence of 20 years on each count.[48] Moreover, Dewberry has not shown that the sentence originally imposed by this Court is no longer sound under § 3553(a).

Reducing Dewberry's sentence to time served would not reflect the seriousness of Dewberry's criminal conduct or his criminal history. Nor would it provide adequate deterrence or appropriate punishment. The Court finds that the 240-month sentence originally imposed remains sufficient, but not greater than necessary, to meet the sentencing factors in § 3553(a) and punish the offense involved. Accordingly, the Court denies Dewberry's motion because the § 3553(a) factors do not support reducing his sentence.

**IT IS THEREFORE ORDERED BY THE COURT** that Defendant Kennin Dewberry's Renewed Emergency Motion for Compassionate Release Under the First Step Act (Doc. 881) is **DENIED**.

---

[48] *See* 21 U.S.C. § 841(b)(1)(A).

**IT IS SO ORDERED.**

Dated: July 7, 2022

S/ Julie A. Robinson  
JULIE A. ROBINSON  
UNITED STATES DISTRICT JUDGE